MEMORANDUM.
***940 The order of the Appellate Division should be affirmed.
Following a jury trial, defendant was convicted of second-degree murder ( Penal Law § 125.25[1] ) for killing his girlfriend in a Manhattan hotel room. The victim, partially clothed, was found fully submerged in an overflowing bathtub. Forensic testing showed defendant's DNA on a bathtub fixture. The autopsy revealed signs of strangulation and fluid in the victim's lungs, indicating that she had been trying to breathe while under water. The Chief Medical Examiner ultimately concluded that the cause of death was "compression *208 **112 of [the] neck and drowning," opining that this was "not a close case." Video surveillance footage confirmed that, during the short period of ***941 time between check-in and discovery of the body, only defendant and two hotel employees-one assisting the victim to the room and the other bringing ice to the minibar-had entered and exited the room.
Defendant appealed, contending, among other things, that the trial court erred in granting the People's motion for a Frye hearing and in issuing various evidentiary rulings. The Appellate Division unanimously affirmed defendant's conviction ( People v. Brooks, 134 A.D.3d 574, 23 N.Y.S.3d 26 [1st Dept. 2015] ).
Under the Frye standard, expert testimony is admissible only if a scientific "principle or procedure has 'gained general acceptance' in its specified field" ( People v. Wesley, 83 N.Y.2d 417, 422, 611 N.Y.S.2d 97, 633 N.E.2d 451 [1994], quoting Frye v. United States, 293 F. 1013, 1014 [D.C. Cir.1923] ). The process is meant to assess "whether the accepted techniques, when properly performed, generate results accepted as reliable within the scientific community generally" ( Wesley, 83 N.Y.2d at 422, 611 N.Y.S.2d 97, 633 N.E.2d 451 ). Absent a novel or experimental scientific theory, a Frye hearing is generally unwarranted.
"The Frye inquiry is separate and distinct from the admissibility question applied to all evidence-whether there is a proper foundation-to determine whether the accepted methods were appropriately employed in a particular case" ( Parker v. Mobil Oil Corp., 7 N.Y.3d 434, 447, 824 N.Y.S.2d 584, 857 N.E.2d 1114 [2006] ). The proper procedure for addressing concerns about foundation can include an in limine hearing where the trial court determines whether " 'there is simply too great an analytical gap between the data and the opinion proffered' " ( Cornell v. 360 West 51st Street Realty, LLC, 22 N.Y.3d 762, 781, 986 N.Y.S.2d 389, 9 N.E.3d 884 [2014], quoting General Electric Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 [1997] ). The question is whether the expert's opinion sufficiently relates to existing data or "is connected to existing data only by the ipse dixit of the expert" ( Joiner, 522 U.S. at 146, 118 S.Ct. 512 ).
To the extent that the trial court improperly employed the Frye procedure to rule on the foundation of the defense expert's testimony, any such error was harmless.
We also reject defendant's challenges to the trial court's evidentiary rulings. Defendant primarily contends that character testimony from 11 witnesses was impermissibly prejudicial and cumulative. The trial court repeatedly instructed the jury that such evidence could be used only for the limited purpose of establishing the nature of the relationship between defendant and the victim, not to show defendant's propensity to engage in illicit conduct. In any event, the testimony about ***942 defendant's prior bad acts largely reflected his own admissions to police, and defendant's present objection to the cumulative nature of this testimony is unpreserved.
The trial court erred, however, in admitting testimony about an argument-occurring more than a month before the murder-in which defendant threatened to kill the victim. The witness's testimony as to the victim's statement that defendant had previously threatened her constituted double hearsay and was not properly admitted pursuant to any exceptions to the hearsay rule. The People's contention that the threat was not *209 offered for its truth is belied by the record. **113 "It may be true that evidence that defendant ... threatened to kill the victim is admissible under a Molineux theory, but such evidence must still be in admissible form" ( People v. Meadow, 140 A.D.3d 1596, 1599-1600, 33 N.Y.S.3d 597 [4th Dept. 2016] ). Nor is there any blanket hearsay exception providing for use of such statements as "background" in domestic violence prosecutions (see People v. Maher, 89 N.Y.2d 456, 460-461, 654 N.Y.S.2d 1004, 677 N.E.2d 728 [1997] ). Considering the overwhelming evidence against defendant, we nonetheless conclude that the error was harmless.
Defendant's remaining contentions are without merit.
Order affirmed, in a memorandum.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.