Guerra v Ditta (2020 NY Slip Op 03771)





Guerra v Ditta


2020 NY Slip Op 03771


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09503 
2017-06397
 (Index No. 502186/12)

[*1]Cecilia Guerra, appellant,
v
Paul A. Ditta, respondent.


Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 22, 2016, and (2) an order of the same court dated May 4, 2017. The order dated July 22, 2016, denied the plaintiff's motion for an evidentiary hearing on the issue of alleged juror misconduct. The order dated May 4, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages.
ORDERED that the appeal from the order dated July 22, 2016, is dismissed as academic in light of our determination of the appeal from the order dated May 4, 2017; and it is further,
ORDERED that the order dated May 4, 2017, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were involved in a rear-end motor vehicle collision on May 25, 2010. The accident occurred when the traffic light at which the parties were stopped turned green. The defendant took his foot off his brake, and his vehicle struck the rear of the plaintiff's vehicle. The plaintiff alleged that she sustained significant injuries to her back as a result of the accident. Summary judgment on the issue of liability was granted to the plaintiff and a trial was held on the issue of damages.
Prior to trial, the plaintiff moved to preclude the defendant's proffered biomechanical [*2]expert, Kevin K. Toosi, from testifying or, in the alternative, for a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]). The motion was denied. Toosi testified at trial that the plaintiff's injuries could not have been caused by the accident. The jury returned a verdict in the defendant's favor, finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). The plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages. The plaintiff also moved for an evidentiary hearing to determine whether one of the jurors committed misconduct and improperly influenced the verdict. In an order dated July 22, 2016, the Supreme Court denied the motion for an evidentiary hearing on the issue of alleged juror misconduct. In an order dated May 4, 2017, the court denied that branch of the first motion which was to set aside the jury verdict in the interest of justice and for a new trial on the issue of damages. The plaintiff appeals from both orders.
" A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1231, quoting Russo v Levat, 143 AD3d 966, 968). "In considering such a motion, [t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 676, quoting Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381).
We agree with the defendant that setting aside the verdict was not warranted in the interest of justice due to the Supreme Court's determination not to hold a Frye hearing. "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see Shah v Rahman, 167 AD3d 671, 673). "Absent a novel or experimental scientific theory, a Frye hearing is generally unwarranted" (People v Brooks, 31 NY3d 939, 941). The court properly relied upon a decision of this Court and a decision of the Appellate Term, First Department, in determining that biomechanical engineering is a scientific theory accepted in the field (see Plate v Palisade Film Delivery Corp., 39 AD3d 835; Gonzalez v Palen, 48 Misc 3d 135[A], 2015 NY Slip Op 51101[U] [App Term, 1st Dept]; see also Shah v Rahman, 167 AD3d at 673).
However, we disagree with the Supreme Court's determination that there was a proper foundation for the admission of Toosi's opinions and testimony. Separate and distinct from the Frye inquiry is the " admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case'" (People v Brooks, 31 NY3d at 941, quoting Parker v Mobil Oil Corp., 7 NY3d 434, 447). "The question is whether the expert's opinion sufficiently relates to existing data or is connected to existing data only by the ipse dixit of the expert" (People v Brooks, 31 NY3d at 941 [emphasis and internal quotation marks omitted]). Here, the defendant failed to establish that Toosi's opinions related to existing data and were the result of properly applied accepted methodology (see Pascocello v Jibone, 161 AD3d 516; Dovberg v Laubach, 154 AD3d 810, 813; cf. Clemente v Blumenberg, 183 Misc 2d 923 [Sup Ct, Richmond County]). Thus, Toosi's testimony should have been precluded. Accordingly, we reverse the order dated May 4, 2017, insofar as appealed from, grant that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of damages.
In light of our determination, the plaintiff's remaining contentions on the appeal from the order dated May 4, 2017, need not be reached. Furthermore, in light of our determination, the appeal from the order dated July 22, 2016, has been rendered academic.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court