Wasserberg v Menorah Ctr. for Rehabilitation & Nursing Care (2021 NY Slip Op 04923)





Wasserberg v Menorah Ctr. for Rehabilitation & Nursing Care


2021 NY Slip Op 04923


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-14103
 (Index No. 13851/14)

[*1]Craig Wasserberg, etc., appellant-respondent,
v
Menorah Center for Rehabilitation and Nursing Care, respondent-appellant.


Burns & Harris, New York, NY (Seth A. Harris, Brian J. Isaac, and Judith F. Stempler of counsel), for appellant-respondent.
Vaslas Lepowsky Hauss & Danke LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Lena Holubnyczyj], of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated October 17, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence. The order, insofar as cross-appealed from, denied the defendant's cross motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant after the plaintiff's decedent, Nathan Wasserberg, choked on a piece of meat, went into cardiac arrest, lapsed into a comatose state, and died several weeks later. At the conclusion of the trial, the jury rendered a verdict in favor of the plaintiff finding that the members of the defendant's staff who performed CPR on the decedent failed to check the decedent's airway for an obstruction, that this failure was a departure from accepted standards of medical care, and that this departure was a substantial factor in causing the decedent's injuries. The jury awarded the plaintiff damages in the principal sum of $300,000 for the decedent's conscious pain and suffering.
Thereafter, the plaintiff moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as inadequate and contrary to the weight of the evidence. The defendant cross-moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint. In an order dated October 17, 2018, the Supreme Court, inter alia, denied the defendant's cross motion and that branch of the plaintiff's motion which was to set aside the damages verdict as inadequate and contrary to the weight of the evidence. The plaintiff appeals, and the defendant cross-appeals.
"'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Hiotidis v Ramuni, 161 AD3d 955, 956, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]). Here, based on the evidence adduced at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the defendant departed from accepted standards of medical care in failing to check the decedent's airway for an obstruction, and that such departure proximately caused the decedent's injuries.
Contrary to the plaintiff's contention, the damages award does not deviate materially from what would be considered reasonable compensation (see CPLR 5501[c]; cf. Ramos v Shah, 293 AD2d 459, 459-460; Garcia v New York City Health & Hosps. Corp., 230 AD2d 766, 767-768; see also Huthmacher v Dunlop Tire Corp., 309 AD2d 1175).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court