Williams v Ncho (2023 NY Slip Op 00128)

Williams v Ncho

2023 NY Slip Op 00128

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2021-02028
 (Index No. 513369/15)

[*1]Gwendolyn Williams, etc., appellant, 
v
Patrick Atse Ncho, respondent, et al., defendants.

A. Cohen Law Firm, P.C., Valley Stream, NY (Avinoam Cohen of counsel), for appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Stephen B. Toner and Michael D. Sinai of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 23, 2021. The order granted the motion of the defendant Patrick Atse Ncho pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff Gwendolyn Williams in her individual capacity and against him and for judgment as a matter of law dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Patrick Atse Ncho pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff Gwendolyn Williams in her individual capacity and against him and for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in favor of the plaintiff Gwendolyn Williams in her individual capacity.
The plaintiff, Gwendolyn Williams, individually, and as mother and natural guardian of T.C., commenced this action to recover damages for personal injuries that she and T.C. allegedly sustained in a motor vehicle accident. A jury trial on the issue of damages for the plaintiff, individually, was held. The jury found that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) and awarded her damages. The defendant Patrick Atse Ncho (hereinafter the defendant) moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated February 23, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Hiotidis v Ramuni, 161 AD3d 955, 956 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a [*2]motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]).
Here, based on the evidence adduced by the plaintiff at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the accident (see Arroyo v Fox, 92 AD3d 705; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 357; Gaddy v Eyler, 79 NY2d 955, 958). Thus, the Supreme Court should have denied the defendant's motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against him.
Accordingly, we reverse the order, reinstate the jury verdict in favor of the plaintiff, and remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment in favor of the plaintiff in her individual capacity.
The plaintiff's remaining contention is not properly before this Court.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court