Rendon v White Castle Sys., Inc. (2025 NY Slip Op 04925)

Rendon v White Castle Sys., Inc.

2025 NY Slip Op 04925

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-08041
 (Index No. 523/16)

[*1]Paula Rendon, respondent, 
v
White Castle System, Inc., et al., appellants.

Sobel Pevzner, LLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Eileen Kaplan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 14, 2021. The judgment, upon a jury verdict in favor of the plaintiff on the issue of liability, upon an order of the same court (Leon Ruchelsman, J.) dated July 26, 2021, denying the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability, and upon a separate jury verdict on the issue of damages awarding the plaintiff the sums of $600,000 for past pain and suffering, $1,800,000 for future pain and suffering, $40,000 for past medical expenses, and $200,000 for future medical expenses, is in favor of the plaintiff and against the defendants in the principal sum of $2,640,000.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial on the issue of liability is granted, the order dated July 26, 2021, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for (1) a new trial on the issue of liability and (2) if liability against either defendant is found, a new trial on the issue of damages for past and future pain and suffering and past and future medical expenses unless within 30 days of a verdict in favor of the plaintiff on the issue of liability, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the awards of damages for past pain and suffering from the sum of $600,000 to the sum of $350,000, for future pain and suffering from the sum of $1,800,000 to the sum of $400,000, for past medical expenses from the sum of $40,000 to the sum of $18,501, and for future medical expenses from the sum of $200,000 to the sum of $170,230, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the jury verdict on the issue of damages, as so reduced and amended, is affirmed.
In 2015, the plaintiff tripped and fell on an alleged defect in a sidewalk in front of a White Castle restaurant located in Brooklyn, sustaining injuries to her ankle. She thereafter [*2]commenced this personal injury action against the defendant White Castle System, Inc. (hereinafter White Castle), the tenant of the property, and the defendant Leonardo Asaro, LLC (hereinafter Asaro), the owner of the property.
After a jury trial on the issue of liability, the jury found that both defendants were negligent. The defendants thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability. In an order dated July 26, 2021, the Supreme Court denied the motion.
After a jury trial on the issue of damages, the jury awarded the plaintiff the sums of $600,000 for past pain and suffering, $1,800,000 for future pain and suffering, $40,000 for past medical expenses, and $200,000 for future medical expenses, with the awards of future damages intended to provide compensation for a period of 30 years. The Supreme Court issued a judgment dated October 14, 2021, in favor of the plaintiff and against the defendants in the principal sum of $2,640,000. The defendants appeal.
Pursuant to CPLR 4404(a), a court "'may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence'" (Lopes v Lenox Hill Hosp., 172 AD3d 699, 701, quoting Ramirez v Mezzacappa, 121 AD3d 770, 771-772).
A jury verdict is not supported by legally sufficient evidence if there is "'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (Sweet v Hazan, 220 AD3d 666, 667 [internal quotation marks omitted], quoting Nicastro v Park, 113 AD2d 129, 132). A motion pursuant to CPLR 4404(a) for judgment as a matter of law may be granted only where there is "'no rational process by which the jury could find in favor of the nonmoving party'" (Williams v Ncho, 212 AD3d 687, 688, quoting Hiotidis v Ramuni, 161 AD3d 955, 956). In considering such a motion, a court "'must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Wasserberg v Menorah Ctr. for Rehabilitation & Nursing Care, 197 AD3d 1130, 1131, quoting Feldman v Knack, 170 AD3d 667, 669).
Here, contrary to the defendants' contention, there was a valid line of reasoning and permissible inferences that could lead a rational person to conclude that White Castle owed a duty to the plaintiff with respect to the subject sidewalk (see Sweet v Hazan, 220 AD3d at 667), as the plaintiff introduced evidence from which a rational person could conclude that White Castle made special use of the portion of the sidewalk where the defect was located and that such special use caused or contributed to the defect (see Campos v Midway Cabinets, Inc., 51 AD3d 843, 844; Adorno v Carty, 23 AD3d 590, 591). Contrary to the defendants' further contention, there was also a valid line of reasoning and permissible inferences that could lead a rational person to conclude that Asaro was negligent (see Sweet v Hazan, 220 AD3d at 668; Nicastro v Park, 113 AD2d at 132). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint.
A party may move pursuant to CPLR 4404(a) to set aside a verdict in the interest of justice, which "'encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Freed v Best, 203 AD3d 1143, 1145, quoting Duran v Temple Beth Sholom, Inc., 155 AD3d 690, 693). In considering a motion to set aside a verdict in the interest of justice, a court "'must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to [its] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Guerra v Ditta, 185 AD3d 667, 668 [internal quotation marks omitted], quoting Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 676).
Here, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability in the interest of justice and for a new trial on the issue of liability. In charging the jury, the court failed to differentiate between White Castle and Asaro, and failed to identify how their duties differed as tenant and as landowner, respectively. Thus, the court did not "adequately convey[ ] the sum and substance of the applicable law to be charged" (Kelly v New York City Health & Hosps. Corp., 194 AD3d 1032, 1034; see Phillips v United Artists Communications, 201 AD2d 634, 635). Due to the possibility that this conflation may have prejudiced either defendant or both defendants, each defendant is entitled to a new trial on the issue of liability against it (see Greenberg v Privilege Underwriters Reciprocal Exch., 169 AD3d 878, 879-880).
In the event that either defendant is found liable after a new trial on the issue of liability, a new trial on the issue of damages is warranted, as the jury's awards of damages for past and future pain and suffering and for past and future medical expenses were excessive.
"'A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation'" (Angeles v County of Suffolk, 222 AD3d 923, 925, quoting Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658; see CPLR 5501[c]). While "'prior damage awards in cases involving similar injuries are not binding upon the courts,'" prior awards "'guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation'" (Lara v Arevalo, 205 AD3d 700, 702-703, quoting Miller v Weisel, 15 AD3d 458, 459).
Here, the awards of damages for past and future pain and suffering were excessive. The plaintiff suffered torn ligaments and tendons in the outside of her ankle and underwent one surgery to remove scar tissue and repair the torn ligaments and tendons. After her injuries, the plaintiff experienced significant pain and struggled to perform her job duties, resulting in a difficulty to economically provide for her family. The trial testimony revealed that the plaintiff still experiences significant pain that interferes with her daily life, and she will likely need to undergo two additional surgeries on her ankle. Taking into account these circumstances, according deference to the jury's apparent acceptance of the plaintiff's expert testimony, and considering awards of damages in comparable cases, we find that the awards of damages for past and future pain and suffering were excessive to the extent indicated herein (see Blair v Coleman, 211 AD3d 671, 674; Sawh v Bally Contr. Corp., 148 AD3d 852, 853; Williams v New York City Tr. Auth., 95 AD3d 1003, 1004; Fishbane v Chelsea Hall, LLC, 65 AD3d 1079, 1080; Ciano v Sauve, 42 AD3d 556, 557).
"'Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Chung v Shaw, 175 AD3d 1237, 1239-1240, quoting Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974). Here, billing records admitted into evidence at trial demonstrated past medical expenses of $38,817.21. However, those billing records included a "[f]unded write off" of $20,316.21 that the plaintiff did not owe. Accordingly, to the extent that the award of damages for past medical expenses exceeded $18,501, the award was not supported by the evidence at trial. In addition, the award of damages for future medical expenses in the sum of $200,000 was, in part, speculative and should be reduced accordingly (see Wynter v Transdev Servs., Inc., 207 AD3d 785, 788; Tarpley v New York City Tr. Auth., 177 AD3d 929, 933).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court