■ Rose M. McKithen, Respondent, v City of New York et al., Appellants. [738 NYS2d 856] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court,

Queens County (Taylor, J.), entered August 31, 2000, as, upon a jury verdict awarding the plaintiff damages in the sum of $1,383,000 (including $400,000 for past pain and suffering, $33,000 for past loss of earnings, $880,000 for future pain and suffering, $55,000 for past medical expenses, and $15,000 for future medical expenses), is in favor of the plaintiff and against them as to damages for past loss of earnings and future pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the plaintiff's cause of action to recover damages for past loss of earnings is dismissed, the plaintiff's cause of action to recover damages for future pain and suffering is severed, and a new trial is granted with respect to those damages only, unless within 30 days after service upon her of a copy of this decision and order the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages for future pain and suffering from $880,000 to $500,000 and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff commenced the instant action to recover damages for physical and psychological injuries which she allegedly suffered after she was attacked and stabbed in the back by her husband. After this Court affirmed an order of the Supreme Court which granted the plaintiff's motion to strike the defendants' answer based on their failure to comply with discovery demands (*see, McKithen v City of New York,* 262 AD2d 616), the case went to trial on the issue of damages. At trial, the plaintiff presented evidence, inter alia, regarding her past pain and suffering and that she still suffers from post traumatic stress disorder. The jury awarded her damages in the sum of $1,383,000, including $33,000 for past lost earnings, $55,000 in past medical expenses, and $880,000 for future pain and suffering. The parties stipulated to reduce the damages for the plaintiff's past medical expenses to $24,381.47, and a structured judgment was entered.

We agree with the defendants that the jury award of $880,000 for future pain and suffering was excessive. Here, the plaintiff's evidence at trial with respect to her future pain and suffering indicated that she continues to suffer from post traumatic stress disorder as a result of the subject attack. Under the facts of this case, we conclude that the award of

$880,000 deviates materially from what would be reasonable compensation (*see*, CPLR 5501 [c]), and that an award of $500,000 is reasonable compensation for future pain and suffering (*see, Brewster v Prince Apts.,* 264 AD2d 611, 617).

In addition, we agree with the defendants that the plaintiff's evidence with respect to her claim for past loss of wages was speculative and does not support any award (*see, Bailey v Jamaica Buses Co.,* 210 AD2d 192; *Easley v City of New York,* 189 AD2d 599).

The defendants' remaining contentions are without merit. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.