■ GLADYS FRANKSON et al., Respondents, v PHILIP MORRIS INCORPORATED, Defendant, and BROWN & WILLIAMSON TOBACCO CORPORATION et al., Appellants. [818 NYS2d 772]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company, Tobacco Institute, Inc., and Council for Tobacco Research-USA, Inc., appeal from so much of (1) an order of the Supreme Court, Kings County (Kramer, J.), dated December 1, 2003, as denied their motion pursuant to CPLR 4402 for a mistrial, (2) an order of the same court dated June 22, 2004, as, upon a jury verdict finding them 50% at fault for the injuries of the decedent, Harry William Frankson, denied those branches of their motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict in favor of the plaintiffs on their defective design claims and for judgment as a matter of law, and to set aside the award of punitive damages, (3) an order of the same court, also dated June 22, 2004, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the ground, inter alia, of erroneously admitted scientific evidence, and (4) an order of the same court, also dated June 22, 2004, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the ground, inter alia, of an erroneous comparative fault charge.

Ordered that the order dated December 1, 2003 is affirmed insofar as appealed from; and it is further,

Ordered that the first order dated June 22, 2004 is modified, on the law, by deleting the provision thereof denying that branch of the motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in favor of the plaintiffs on defective design claims and substituting therefor a provision granting that branch of the motion; as so modified, the first order dated June 22, 2004 is affirmed insofar as appealed from, and the first and third causes of action are dismissed; and it is further,

Ordered that the second and third orders dated June 22, 2004 are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Harry William Frankson (hereinafter the decedent) contracted

lung cancer from smoking, for more than 30 years, cigarettes that were manufactured, promoted, and sold by the defendants. The appellants include one cigarette manufacturer, Brown & Williamson Tobacco Corporation, individually and as successor by merger to the American Tobacco Company (hereinafter American), and two tobacco-related entities, the Tobacco Institute, Inc., and the Council for Tobacco Research-USA, Inc. (hereinafter TI and CTR respectively). Gladys Frankson, the decedent's widow, as administratrix of the estate and individually, claimed, inter alia, that dating back to the 1950s, the time the decedent started smoking, the tobacco industry knew cigarettes were harmful and addictive, the industry attempted to dilute an increasing body of medical evidence of the links between smoking and catastrophic illnesses such as lung cancer, and it manipulated products to its advantage. It is undisputed that the decedent died from lung cancer, and that his lung cancer was caused by American's "Lucky Strike" cigarettes.

The appellants moved for a mistrial based on the manner in which the trial court admitted and excluded certain scientific evidence. The decision to grant or deny a mistrial is within the sound discretion of the court, and is to be made on a case-by-case basis (see *McNamara v Hittner,* 2 AD3d 417, 418 [2003]; *Chung v Shakur,* 273 AD2d 340 [2000]; *Taylor v Port Auth. of N.Y. & N.J.,* 202 AD2d 414, 415 [1994]). However, the denial of such a motion "may, given the facts of a particular case, constitute reversible error . . . where it appears that the motion should have been granted 'to prevent a substantial possibility of injustice' " (*Cohn v Meyers,* 125 AD2d 524, 527 [1986], quoting *Halstead v Sanky,* 48 Misc 2d 586, 588 [1965]). Contrary to the appellants' contention, the trial court's denial of their motion for a mistrial did not constitute an improvident exercise of discretion. Based on our review of the record, substantial justice was accomplished.

The appellants' contention with regard to allegedly erroneous jury instructions on the plaintiffs' fraudulent concealment claim is unpersuasive (see *Colucci v Gateway Cathedral,* 16 AD3d 614, 615 [2005]). The trial court gave instructions that comported with the law as it pertains to the tort of fraudulent concealment (see *Miele v American Tobacco Co.,* 2 AD3d 799, 803-804 [2003]; *Young v Robertshaw Controls Co., Uni-Line Div.,* 104 AD2d 84, 87 [1984]), and gave instructions the appellants complain were not given.

The appellants contend that the jury verdict in favor of the plaintiffs on their defective design claims should have been set aside because the evidence was legally insufficient to prove that

the defective design of the cigarettes smoked by the decedent was a proximate cause of his injuries. The plaintiffs have explicitly elected not to oppose this claim, and thus, in effect, have conceded that the portion of the jury verdict which was in their favor on their defective design claims should be set aside, and the first and third causes of action dismissed.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur. [*See* 4 Misc 3d 609 (2004).]