■ SUSAN GLASER, Respondent, v COUNTY OF ORANGE et al., Defendants, and VILLAGE OF WARWICK et al., Appellants. [864 NYS2d 557]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Village of Warwick and Thomas M. Knapp appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Horowitz, J.), entered April 18, 2007, as, upon a jury verdict awarding the plaintiff damages in the principal sums of, inter alia, $1,000,000 for the decedent's conscious pain and suffering, $504,000 for past loss of earnings,

and $800,000 for future loss of earnings, and upon the denial of their motion pursuant to CPLR 4404 to set aside the jury verdict, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of damages for the decedent's conscious pain and suffering and past and future loss of earnings, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the verdict as to damages for the decedent's conscious pain and suffering from the principal sum of $1,000,000 to the principal sum of $350,000, to reduce the verdict as to damages for the decedent's past loss of earnings from the principal sum of $504,000 to the principal sum of $302,000, and to reduce the verdict as to damages for the decedent's future loss of earnings from the principal sum of $800,000 to the principal sum of $476,000 and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On July 26, 2001, the plaintiff's decedent was fatally injured when the rear axle of a dump truck operated by the defendant Thomas M. Knapp and owned by the defendant Village of Warwick (hereinafter together the appellants) came loose and struck the decedent's windshield.

The plaintiff's medical expert testified that the decedent was conscious for approximately two to three minutes after the initial impact. The award of damages in the sum of $1,000,000 for the decedent's conscious pain and suffering deviates materially from what would be reasonable compensation, and was excessive to the extent indicated (*see* CPLR 5501 [c]; *Bennett v Henry,* 39 AD3d 575 [2007]; *Rodd v Luxfer USA,* 272 AD2d 535 [2000]; *cf. Twersky v Busche,* 37 AD3d 704, 705 [2007]).

In addition, the plaintiff's evidence did not establish some of the damages for past and future loss of earnings with the requisite certainty. Claims for lost earnings " 'must be ascertainable with a reasonable degree of certainty and may not be based on conjecture' " (*Bailey v Jamaica Buses Co.,* 210 AD2d 192 [1994], quoting *Long Is. Airports Limousine Serv. Corp. v Northwest Airlines,* 124 AD2d 711, 713 [1986]; *see McKithen v City of New York,* 292 AD2d 352 [2002]). Accordingly, the awards for past and future loss of earnings are excessive to the extent indicated.

The appellants' remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.