Matter of Spindler v Blauman (2020 NY Slip Op 03232)





Matter of Spindler v Blauman


2020 NY Slip Op 03232


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-01558
 (Docket No. V-4979-18)

[*1]In the Matter of Andre Spindler, etc., et al., appellants,
v
Michael H. Blauman, et al., respondents.


Lawrence A. Weinreich, P.C., Garden City, NY, for appellants.
Lawrence M. Schaffer, Plainview, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioners appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated January 9, 2019. The order dismissed the petition for custody of the petitioners' grandchild, without prejudice, for failure to state a cause of action.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In June 2018, the petitioners filed a petition for custody of their infant grandchild (hereinafter the June 2018 petition). Thereafter, the respondent mother (hereinafter the mother) moved to dismiss the petition because she and the child were living with the petitioners at the time. The court granted the motion to dismiss, without prejudice to the petitioners to refile. In March 2019, the petitioners filed another petition for custody of the child alleging that there were domestic violence issues between the mother and the child's father, that both the mother and the father were drug users, and that the mother had moved with the child out of the petitioners' residence (see Matter of Blauman-Spindler v Blauman, ____ AD3d ____ [decided herewith]).
The appeal from the order dismissing the June 2018 petition has been rendered academic by the petitioners' filing of a new custody petition on March 4, 2019, as the rights of the petitioners would not be directly affected by the determination of this appeal (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714; see also Taub v Schon, 148 AD3d 1200, 1201).
Accordingly, the appeal is dismissed.
BALKIN, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court