Johnson-Hendy v Mosu (2022 NY Slip Op 00409)





Johnson-Hendy v Mosu


2022 NY Slip Op 00409


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-11051 
2018-12264
 (Index No. 701900/15)

[*1]Cassandra Johnson-Hendy, appellant,
v
Nicolae Mosu, etc., et al., respondents, et al, defendants.


The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly, Mitchell Gittin, and Kathleen Waybourn of counsel), for appellant.
Fager Amsler Keller & Schoppmann, LLP, Latham, NY (Nancy E. May-Skinner and Marc Falcone of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 3, 2018, and (2) an order of the same court entered September 24, 2018. The judgment, (1) upon the denial of the plaintiff's application, made at the close of the plaintiff's case on the issue of liability, in effect, pursuant to CPLR 4402 for a new trial against the defendants Nicolae Mosu, Hemangi Shukla, and Steven Inglis, and (2) upon granting the separate applications of the defendants Nicolae Mosu, Hemangi Shukla, and Steven Inglis, made at the close of the plaintiff's case on the issue of liability, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of those defendants, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4404(a) to vacate the judgment entered August 3, 2018, and for a new trial against the defendants Nicolae Mosu, Hemangi Shukla, and Steven Inglis.
ORDERED that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the plaintiff's application, made at the close of the plaintiff's case on the issue of liability, in effect, pursuant to CPLR 4402 for a new trial against the defendants Nicolae Mosu, Hemangi Shukla, and Steven Inglis, is granted, the separate applications of the defendants Nicolae Mosu, Hemangi Shukla, and Steven Inglis, made at the close of the plaintiff's case on the issue of liability, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them are denied, the order entered September 24, 2018, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial against the defendants Nicholae Mosu, Hemangi Shukla, and Steven Inglis; and it is further,
ORDERED that the appeal from the order is dismissed as academic, in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On September 10, 2012, the plaintiff, who was then approximately 21 weeks pregnant, was admitted to the Jamaica Hospital Medical Center. The defendant Nicolae Mosu diagnosed the plaintiff with inevitable abortion and suspected chorioamnionitis, which is an inflammation of the fetal membranes in the uterus due to a bacterial infection. Offered the option of terminating the pregnancy, the plaintiff declined and sought expectant management.
The following morning, the defendant Steven Inglis examined the plaintiff and diagnosed inevitable abortion. Inglis, however, found that chorioamnionitis was unlikely. Inglis advised the plaintiff, among other things, of the risk of infection.
In the evening, the plaintiff was treated by the defendant Hemangi Shukla and her resident. Following further discussions, the plaintiff agreed to induce labor and "expedite delivery of inevitable abortion." Early the next morning, after labor was induced with Cytotec, a stillborn infant was delivered. A pathological study of the placenta and fetus revealed no evidence of chorioamnionitis.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against, among others, Mosu, Shukla, and Inglis (hereinafter collectively the defendants). As relevant here, Inglis and Shukla separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied those motions in an order entered August 15, 2017 (see Johnson-Hendy v Mosu, ___ AD3d ___ [Appellate Division Docket No. 2017-09311; decided herewith]).
The action proceeded to a jury trial that commenced in May 2018. At the close of the plaintiff's case on the issue of liability, the plaintiff's attorney made an application, in effect, pursuant to CPLR 4402 for a new trial against the defendants. The defendants made separate applications at that time, pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the plaintiff's application for a new trial, and granted the defendants' separate applications for judgment as a matter of law. The court determined that the plaintiff failed to establish, prima facie, that the defendants departed from the accepted standard of medical care. The court subsequently entered a judgment on August 3, 2018, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff later moved, inter alia, in effect, pursuant to CPLR 4404(a) to vacate the judgment dated August 3, 2018, and for a new trial against the defendants. In an order entered September 24, 2018, the court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals from the judgment entered August 3, 2018, and the order entered September 24, 2018.
"At any time during the trial, the court, on motion of any party, may order . . . a new trial in the interest of justice on such terms as may be just" (CPLR 4402). The decision to grant or deny a mistrial in the interest of justice pursuant to CPLR 4402 "is within the sound discretion of the court, and is to be made on a case-by-case basis" (Frankson v Philip Morris Inc., 31 AD3d 372, 373). However, the denial of such a motion "may, given the facts of a particular case, constitute reversible error where it appears that the motion should have been granted to prevent a substantial possibility of injustice" (Cohn v Meyers, 125 AD2d 524, 527 [citation and internal quotation marks omitted]; see Frankson v Philip Morris Inc., 31 AD3d at 373; cf. CPLR 4404[a]; Duman v Scharf, 186 AD3d 672, 674; Allen v Uh, 82 AD3d 1025, 1025).
Here, the plaintiff called an expert witness to testify as to the medical treatment provided by the defendants. Because portions of the expert's testimony purportedly fell outside the notice pursuant to CPLR 3101(d), the Supreme Court struck all of this expert's testimony concerning Inglis and Shukla. However, even assuming that portions of the expert's testimony fell outside the CPLR 3101(d) disclosure, it was error to strike all of his testimony concerning Inglis and Shukla. Further, to the extent that portions of the expert's testimony fell outside the CPLR 3101(d) disclosure, the relevant subject matter was raised in the bills of particulars and in the expert's affirmation submitted in opposition to the defendants' motions for summary judgment. Under these circumstances, the court improvidently struck the expert's testimony concerning the treatment [*2]provided by Inglis and Shukla (see Fishkin v Massre, 286 AD2d 749).
In addition, the Supreme Court sustained objections to questions of the same expert about whether Mosu departed from the accepted standard of care, for a lack of foundation. The court erred in precluding the expert from testifying as to whether Mosu departed from the accepted standard of care since there was a foundation for the expert's testimony, including the defendants' and plaintiff's trial testimony, and the relevant medical records (see Schou v Whiteley, 9 AD3d 706, 708).
These errors were not harmless, as the plaintiff's expert was effectively precluded from testifying as to whether the defendants departed from the accepted standard of care. Under the circumstances, the plaintiff's application, in effect, pursuant to CPLR 4402 for a new trial in the interest of justice should have been granted (see Duman v Scharf, 186 AD3d at 675), and the Supreme Court should have denied the separate applications of the defendants pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them.
The defendants Inglis and Shukla contend, in effect, as an alternative ground for affirmance on the plaintiff's appeal from the judgment (see CPLR 5501[a]; Matter of New York City Tr. Auth. v State of N.Y., Exec. Dept., Div. of Human Rights, 89 NY2d 79, 86 n 1; Ciatto v Lieberman, 266 AD2d 494, 494), that the Supreme Court erred in denying their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them (see Johnson-Hendy v Mosu, ___ AD3d ___ [Appellate Division Docket No. 2017-09311; decided herewith]). This contention is without merit.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical malpractice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d at 820-821). "Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Spilbor v Styles, 191 AD3d 722, 723 [internal quotation marks omitted]).
Here, Inglis and Shukla established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting, inter alia, the affirmation of an expert, who concluded that the treatment that they provided was in accordance with the accepted standards of care, and that, in any event, any alleged departures were not a proximate cause of the plaintiff's injuries (see id. at 724; Williams v Nanda, 177 AD3d 938, 939-940; Xiao Yan Chen v Maimonides Med. Ctr., 104 AD3d 680, 681). However, in opposition, the plaintiff raised triable issues of fact. Specifically, the plaintiff's submissions raised a triable issue of fact as to whether the defendants failed to inform the plaintiff that it was unlikely that she had chorioamnionitis. Furthermore, the plaintiff presented the affidavit of an expert who opined that the defendants departed from accepted practice in their treatment of the plaintiff, and that the departure constituted a proximate cause of the plaintiff's alleged injuries. Accordingly, the Supreme Court properly denied the motions of Inglis and Shukla for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of the foregoing, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new trial against the defendants Nicholae Mosu, Hemangi Shukla, and Steven Inglis, in accordance herewith. Under these circumstances, we vacate the order entered September 24, 2018, and dismiss the appeal from that order as academic.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court