Petit v Archer (2023 NY Slip Op 03874)

Petit v Archer

2023 NY Slip Op 03874

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-07509
 (Index No. 11316/13)

[*1]Marie Petit, respondent, 
v
Lloyd Archer, et al., appellants, et al., defendants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Howard Cohen and Travis Wong of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Lloyd Archer and New York City Transit Authority appeal from a judgment of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated September 14, 2020. The judgment, insofar as appealed from, upon a jury verdict in favor of the plaintiff on the issue of damages, inter alia, awarding her the principal sums of $600,000 for past pain and suffering, $1,500,000 for future pain and suffering, $525,000 for future lost earnings, and $1,800,000 for future medical expenses, and upon an order of the same court dated June 16, 2020, granting those branches of the motion of the defendants Lloyd Archer and New York City Transit Authority which were pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on those categories of damages only to the extent of directing a new trial unless the plaintiff stipulated to reduce the damages for future pain and suffering from the principal sum of $1,500,000 to the principal sum of $1,200,000, for future lost earnings from the principal sum of $525,000 to the principal sum of $396,000, and for future medical expenses from the principal sum of $1,800,000 to the principal sum of $700,000, and upon the plaintiff's stipulation, is in favor of the plaintiff and against the defendants in the total sum of $3,329,760.76.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On February 1, 2013, the plaintiff sustained injuries to the cervical and lumbar regions of her spine while a passenger on a bus owned by the defendant New York City Transit Authority and operated by the defendant Lloyd Archer (hereinafter together the defendants). The plaintiff commenced this action against, among others, the defendants, to recover damages for personal injuries sustained in the accident.
After a finding of liability against the defendants, a trial on the issue of damages was held and the plaintiff presented evidence that she sustained a loss of range of motion in the cervical and lumbar regions of her spine, and underwent various medical treatments including a cervical fusion and injections in her neck and back. These treatments alleviated but did not eliminate the plaintiff's pain and did not restore her range of motion. The plaintiff was unable to return to work due to this pain, and her surgeon testified that the plaintiff would need surgery, among other things, in the future to address further complications from her injuries.
Following the trial, the jury awarded the plaintiff, inter alia, the principal sums of $600,000 for past pain and suffering, $1,500,000 for future pain and suffering over a period of 25 years, $525,000 for future lost earnings over a period of nine years, and $1,800,000 for future medical expenses over a period of 25 years. Thereafter, the defendants moved, among other things, pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict as to those categories of damages.
In an order dated June 16, 2020, the Supreme Court, inter alia, granted those branches of the defendants' motion to the extent of setting aside the jury's award for future pain and suffering, future lost earnings, and future medical expenses, and directing a new trial, unless the plaintiff stipulated to reducing those awards to the principal sums of $1,200,000 for future pain and suffering, $396,000 for future lost earnings, and $700,000 for future medical expenses. A judgment dated September 14, 2020, upon the jury verdict, the order dated June 16, 2020, and the plaintiff's stipulation, is in favor of the plaintiff in the total sum of $3,329,760.76. The defendants appeal.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658, citing CPLR 5501[c]). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741).
Here, considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past pain and suffering and future pain and suffering, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (see Tarpley v New York City Tr. Auth., 177 AD3d 929, 931; Kusulas v Saco, 134 AD3d 772; Kayes v Liberati, 104 AD3d at 740-741).
Contrary to the defendants' contention, the Supreme Court properly calculated the plaintiff's future lost earnings based on the New York City minimum wage in effect when it decided the motion (see 12 NYCRR 142-2.1[a][1]), and this award, as reduced by the court, was reasonable and supported by the evidence (see Nayberg v Nassau County, 149 AD3d 761, 762). Additionally, the award for future medical expenses, as reduced by the court, was reasonable and supported by the uncontroverted medical evidence provided by the plaintiff concerning the future treatment she would need and its costs (see Wynter v Transdev Servs., Inc., 207 AD3d 785, 788; Nayberg v Nassau County, 149 AD3d at 762).
Accordingly, we affirm the judgment insofar as appealed from.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court