Bird v Town of N. Hempstead (2023 NY Slip Op 04439)

Bird v Town of N. Hempstead

2023 NY Slip Op 04439

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06967
 (Index No. 601463/16)

[*1]Sharon Bird, respondent, 
v
Town of North Hempstead, appellant, et al., defendants.

Cuomo, LLC, Mineola, NY (Oscar Michelen of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated September 14, 2021. The judgment, upon a jury verdict on the issue of liability, and upon the denial of that defendant's oral application, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against that defendant on the issue of liability.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly fell and sustained personal injuries after stepping on a manhole cover that "flipped up" at the intersection of Grand Street and Broadway in the Town of North Hempstead. The plaintiff subsequently commenced this action against the Town and other defendants. Following a trial on the issue of liability, the jury found that the Town was negligent, and that its negligence was a substantial factor in causing the plaintiff's accident. The jury also found that the plaintiff was negligent, but that her negligence was not a substantial factor in causing the accident. Thereafter, the Town made an oral application, in effect, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the Town's oral application and entered a judgment in favor of the plaintiff and against the Town on the issue of liability. The Town appeals.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Linson v City of New York, 98 AD3d 1002, 1002-1003; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Raineri v Lalani, 191 AD3d 814, 816). Here, there was a valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached its verdict. Moreover, the jury's findings were based upon a fair interpretation of the evidence and were not inconsistent, and thus, the jury's findings were not contrary to the weight of the evidence.
Accordingly, the Supreme Court properly denied the Town's oral application, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
The Town's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court