Sweet v Hazan (2023 NY Slip Op 04974)

Sweet v Hazan

2023 NY Slip Op 04974

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-08307
 (Index No. 151833/19)

[*1]Nani Sweet, appellant,
v
Yossef Hazan, et al., respondents.

Richard J. Katz, LLP (The Altman Law Firm, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Goldberg Miller & Rubin, New York, NY (Warren D. Holland of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated October 18, 2021. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants and for judgment as a matter of law in her favor on the issue of the defendants' liability or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries after she tripped and fell while in the defendants' house. At the ensuing trial on the issue of liability, the defendant Yossef Hazan (hereinafter Hazan) testified that, prior to the date of the accident, he had removed a half wall that separated the kitchen and the dining room in the house, leaving a 72-inch-long by 4-inch-wide opening in the flooring where the half wall had been located. Hazan testified that he intended to install a saddle in the opening, but he had not yet done so on the date of the accident. He testified that the defendants had placed linens in the gap in the flooring and used chairs to block the opening between the kitchen and dining room. The plaintiff testified that she was walking from the kitchen to the dining room in the defendants' house when her foot became stuck in the opening in the flooring and she tripped and fell.
After the trial on the issue of liability, the jury rendered a verdict in favor of the defendants finding that they were not negligent. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law in her favor on the issue of liability or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. By order dated October 18, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
CPLR 4404(a) provides that, "[a]fter a trial of a cause of action or issue triable of right by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to [*2]judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence [or] in the interest of justice." "To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (Nicastro v Park, 113 AD2d 129, 132; quoting Cohen v Hallmark Cards, 45 NY2d 493, 499). "The test is a harsh one because a finding that a jury verdict is not supported by sufficient evidence leads to a directed verdict terminating the action without resubmission of the case to a jury" (Nicastro v Park, 113 AD2d at 132).
"By contrast, '[t]he criteria for setting aside a jury verdict as against the weight of the evidence are necessarily less stringent'" (Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d 656, 657, quoting Nicastro v Park, 113 AD3d at 132-133). A jury verdict may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 746 [alterations and internal quotation marks omitted]; see Stewart v New York Hosp. Queens, 214 AD3d 919; Nicastro v Park, 113 AD2d at 132-137). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d at 133).
A landowner "must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]). "The scope of a landowner's duty to maintain property in a reasonably safe condition may also include the duty to warn of a dangerous condition. However, a landowner has no duty to warn of an open and obvious danger. Unless a hazard is latent, a person entering the property is just as aware as the landowner of the condition of the property and the risks associated with it" (Cupo v Karfunkel, 1 AD3d 48, 51).
Here, contrary to the plaintiff's contentions, the Supreme Court properly denied her motion pursuant to CPLR 4404(a). Viewing the evidence in the light most favorable to the defendants (see Szczerbiak v Pilat, 90 NY2d 553, 556), we conclude that a valid line of reasoning and permissible inferences could lead rational people to determine, as the jury did here, that the defendants were not negligent. Moreover, based on the evidence submitted to the jury, its determination that the defendants were not negligent is supported by a fair interpretation of the evidence (see Nicastro v Park, 113 AD3d at 132-133).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court