Buckham v 322 Equity, LLC (2024 NY Slip Op 03874)

Buckham v 322 Equity, LLC

2024 NY Slip Op 03874

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-03957
 (Index No. 505356/16)

[*1]Audrey Buckham, respondent, 
v
322 Equity, LLC, appellant.

Brooks, Berne & Herndon PLLC, Elmsford, NY (Nicole M. Varisco and Eva Galchenko of counsel), for appellant.
Steven Wildstein, P.C., Great Neck, NY (Michael Maiolica of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 11, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were (1) pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability or, in the alternative, to set aside, as contrary to the weight of the evidence and as excessive, so much of a jury verdict on the issue of damages as awarded damages in the sums of $600,000 for past pain and suffering, $750,000 for future pain and suffering, $180,000 for past lost earnings, and $400,000 for future lost earnings, and for a new trial on the issue of those damages, (2) pursuant to CPLR 4402 for a new trial, and (3) to disqualify the plaintiff's counsel.
ORDERED that order is modified, on the facts, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, so much of the jury verdict on the issue of damages as awarded damages in the sums of $180,000 for past lost earnings and $400,000 for future lost earnings, and for a new trial on the issue of those damages, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future lost earnings unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the awards of damages for past lost earnings from the sum of $180,000 to the sum of $175,500 and for future lost earnings from the sum of $400,000 to the sum of $390,000; in the event that the plaintiff so stipulates, then the order, as so modified, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries, alleging that she was injured on December 18, 2014, when the ceiling in her bathroom collapsed while she was taking a shower. At the time of the accident, the plaintiff was a tenant in the defendant's [*2]building. Following a trial on the issue of liability, the jury returned a verdict in favor of the plaintiff. Following a trial on the issue of damages, the jury, inter alia, awarded the plaintiff damages in the sums of $600,000 for past pain and suffering, $750,000 for future pain and suffering, $180,000 for past lost earnings, and $400,000 for future lost earnings.
Thereafter, the defendant moved, inter alia, (1) pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability or, in the alternative, to set aside, as contrary to the weight of the evidence and as excessive, so much of the jury verdict on the issue of damages as awarded damages in the sums of $600,000 for past pain and suffering, $750,000 for future pain and suffering, $180,000 for past lost earnings, and $400,000 for future lost earnings, and for a new trial on the issue of those damages, (2) pursuant to CPLR 4402 for a new trial, and (3) to disqualify the plaintiff's counsel. The Supreme Court denied those branches of the motion, and the defendant appeals.
"At any time during the trial, the court, on motion of any party, may order . . . a new trial in the interest of justice on such terms as may be just" (id.; see Johnson-Hendy v Mosu, 201 AD3d 896, 898). "The decision to grant or deny a mistrial in the interest of justice pursuant to CPLR 4402 is within the sound discretion of the court, and is to be made on a case-by-case basis" (Johnson-Hendy v Mosu, 201 AD3d at 898 [internal quotation marks omitted]; see Frankson v Philip Morris Inc., 31 AD3d 372, 373). "However, the denial of such a motion may, given the facts of a particular case, constitute reversible error where it appears that the motion should have been granted to prevent a substantial possibility of injustice" (Johnson-Hendy v Mosu, 201 AD3d at 898 [internal quotation marks omitted]; see Cohn v Meyers, 125 AD2d 524, 527).
Here, evidence that some of the plaintiff's medical expenses were paid by checks that were written from her counsel's IOLA account did not create a substantial possibility of injustice. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 4402 for a new trial on that basis (see Frankson v Philip Morris Inc., 31 AD3d at 373).
"The disqualification of an attorney is a matter that rests within the sound discretion of the trial court" (Alnoukari v Nokari, 218 AD3d 527, 528 [internal quotation marks omitted]; see Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637). "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510 [internal quotation marks omitted]; see Falk v Gallo, 73 AD3d 685, 685). On a motion to disqualify an attorney, "[t]he moving party bears the burden of showing that disqualification is warranted" (Matter of Blauman-Spindler v Blauman, 184 AD3d at 637 [internal quotation marks omitted]; see Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d at 510).
Here, the Supreme Court properly determined that the plaintiff demonstrated that her counsel did not finance any part of her medical treatment and, thus, that there was no violation of rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0). Accordingly, the court providently exercised its discretion in denying that branch of the defendant's motion which was to disqualify the plaintiff's counsel based on a violation of rule 1.7 of the Rules of Professional Conduct. The defendant's alternative contention that the plaintiff's counsel should have been disqualified pursuant to rule 3.7 of the Rules of Professional Conduct is improperly raised for the first time on appeal.
Pursuant to CPLR 4404(a), a court "may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence." "To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences [*3]which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Sweet v Hazan, 220 AD3d 666, 667 [internal quotation marks omitted]). "A jury verdict may be set aside as contrary to the weight of the evidence only if the evidence so preponderated in favor of [that party] that the verdict could not have been reached on any fair interpretation of the evidence" (id. [internal quotation marks omitted]; see Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 745-746; Nicastro v Park, 113 AD2d 129, 132).
"In general, to impose liability for an injury caused by a ceiling collapsing because of a leak, a plaintiff must show that the defendant had prior notice, actual or constructive, of the leak and that the leak was never repaired" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 664 [internal quotation marks omitted]; see Ellisy v Eklecco, LLC, 56 AD3d 517, 517). A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Rossi v City of New York, 219 AD3d 1361, 1362). "In addition, a defendant who has actual knowledge of a particular ongoing and recurring hazardous condition may be charged with constructive notice of each specific reoccurrence of that condition" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d at 665 [internal quotation marks omitted]; see Willis v Galileo Cortlandt, LLC, 106 AD3d 730, 731). "Mere notice of a general or unrelated condition, however, is insufficient to constitute constructive notice of the specific condition that caused the plaintiff's injuries" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d at 665; see Wienges v Newburgh Mall, LLC, 94 AD3d 1110, 1110-1111). Moreover, "[e]vidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was [a proximate] cause of the event which produced the harm" (Deschamps v Timberwolf Tree & Tile Serv., 172 AD3d 1308, 1309 [internal quotation marks omitted]; see Sheehan v City of New York, 40 NY2d 496, 501).
Here, the plaintiff was injured when the bathroom ceiling in her apartment collapsed while she was in the shower. The plaintiff and her daughter testified that bathroom ceiling had been leaking for years and that the prior landlord had installed a basin and tube in the drop ceiling above the bathtub, but the ceiling continued to leak above the bathtub. The plaintiff and her daughter further testified that the defendant was informed of the leak numerous times and that the superintendent and others investigated the leak, but the leak was not repaired.
Viewing the evidence in the light most favorable to the plaintiff, a valid line of reasoning and permissible inferences could lead rational people to determine, as the jury did here, that the defendant had notice of the defective condition of the ceiling that caused it to collapse and that there was a casual connection between the persistent leak in the bathroom ceiling and the ceiling's collapse (see Sweet v Hazan, 220 AD3d at 668; see also Bird v Town of N. Hempstead, 219 AD3d 923, 924). Moreover, based on the evidence submitted to the jury, its determination that the defendant had notice of the dangerous condition of the ceiling that caused it to collapse and that there was a casual connection between the persistent leak in the bathroom ceiling and the ceiling's collapse is supported by a fair interpretation of the evidence (see Sweet v Hazan, 220 AD3d at 668; see also Bird v Town of N. Hempstead, 219 AD3d at 924). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial on the issue of liability.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658; see CPLR 5501[c]; Petit v Archer, 218 AD3d 695). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741; see Petit v Archer, 218 AD3d 695).
Contrary to the defendant's contention, the jury verdict finding that the injuries to the plaintiff's right knee and both shoulders were caused by the accident was not contrary to the weight [*4]of the evidence. The jury was entitled to credit the testimony of the plaintiff and her treating orthopedic surgeon over that of the defendant's experts, and the jury's determination that the plaintiff's injuries were caused by the accident was supported by a fair interpretation of the evidence (see Lewis v Vertex Constr. Corp., 170 AD3d 990, 991).
Moreover, considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past pain and suffering and future pain and suffering do not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Petit v Archer, 218 AD3d 695; Tarpley v New York City Tr. Auth., 177 AD3d 929, 930; Kusulas v Saco, 134 AD3d 772, 773-774).
"Claims for lost earnings must be ascertainable with a reasonable degree of certainty and may not be based on conjecture" (Fortune v New York City Hous. Auth., 201 AD3d 705, 707 [internal quotation marks omitted]; see Glaser v County of Orange, 54 AD3d 997, 998). Here, the plaintiff testified that she could no longer work as a home health aide and had been unsuccessful in finding another job. The plaintiff also testified that prior to the accident, she earned approximately $39,000 per year, and her W-2 forms for 2013 and 2014 were entered into evidence. The jury awarded the plaintiff damages in the sums of $180,000 for past lost earnings for a period of 4 years and 6 months and $400,000 for future lost earnings for a period of 10 years.
The defendant argues, and the plaintiff correctly concedes, that the awards of damages in the sums of $180,000 for past lost earnings and $400,000 for future lost earnings are contrary to the weight of the evidence and must be reduced to the sums of $175,500 and $390,000, respectively. Contrary to the defendant's further contention that the awards of damages for past and future lost earnings are otherwise contrary to the weight of the evidence, the plaintiff established damages for past and future lost earnings in the sums of $175,500 and $390,000, respectively, with reasonable certainty through her testimony and her W-2 forms (see Gore v Cardany, 167 AD3d 851, 852).
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court