41st Rd. Props., LLC v Wang Real Prop., LLC (2024 NY Slip Op 05947)

41st Rd. Props., LLC v Wang Real Prop., LLC

2024 NY Slip Op 05947

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-05635
 (Index No. 704061/14)

[*1]41st Road Properties, LLC, plaintiff-respondent,
v
Wang Real Property, LLC, et al., appellants, John Hon, et al., defendants-respondents, et al., defendants.

Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellants.
Aronauer & Yudell, LLP, White Plains, NY (Joseph Aronauer of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated June 22, 2020. The order, insofar as appealed from, granted those branches of the motion of the plaintiff and the defendants John Hon, Julie Hon, and John Hon, D.O., P.C., which were to cancel a notice of pendency filed by the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang against the subject property, for an award of attorneys' fees and costs in the sum of $7,500 to the defendant John Hon, D.O., P.C., to enjoin the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang from commencing a new action related to stopping the foreclosure of the mortgage on the subject property or making any court filings in the Supreme Court, Queens County, related to the ownership of the subject property without a prior court order, and to direct the Queens County Clerk to not accept for filing a notice of pendency by the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang against the subject property without a prior court order, and denied the cross-motion of the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang to disqualify counsel for the plaintiff and the defendants John Hon, Julie Hon, and John Hon, D.O., P.C.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, the plaintiff's predecessor in interest commenced this action against, among others, the defendants Wang Real Property, LLC, Roug Kang Wang, and Stella Wang (hereinafter collectively the Wang defendants) and the defendants John Hon, Julie Hon, and John Hon, D.O., P.C. (hereinafter collectively the Hon defendants), to foreclose a mortgage on certain real property located in Flushing. In April 2017, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. The Wang defendants appealed from the order and judgment of foreclosure and sale, and this Court affirmed the order and judgment of foreclosure and sale (see 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455). A sheriff's sale took place on December 12, 2018, with the Hon defendants submitting the winning bid and receiving the deed to the property. Thereafter, the Wang defendants filed a notice of pendency against the property.
In January 2020, the plaintiff and the Hon defendants moved, inter alia, to cancel the notice of pendency filed by the Wang defendants against the property, for an award of attorneys' fees and costs in the sum of $7,500 to John Hon, D.O., P.C., associated with the discharge of the notice of pendency, to enjoin the Wang defendants from commencing a new action related to stopping the foreclosure of the mortgage on the property or making any court filings in the Supreme Court, Queens County, related to the ownership of the property without a prior court order, and to direct the Queens County Clerk to not accept for filing a notice of pendency by the Wang defendants against the property without a prior court order. The Wang defendants opposed the motion and cross-moved to disqualify counsel for the plaintiff and the Hon defendants. By order dated June 22, 2020, the Supreme Court granted those branches of the motion and denied the cross-motion. The Wang defendants appeal.
Pursuant to CPLR 6514(a), a court must direct the cancellation of a notice of pendency "if service of a summons has not been completed within the time limited by [CPLR] 6512; or if the action has been settled, discontinued or abated; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to [CPLR] 5519." Here, as the Supreme Court determined, the cancellation of the notice of pendency was mandatory pursuant to CPLR 6514(a), since the action to foreclose the mortgage had abated. The foreclosure action had abated upon the sale of the property to the Hon defendants pursuant to the order and judgment of foreclosure and sale, and the Wang defendants' purported right of redemption was extinguished. Accordingly, the court properly granted that branch of the motion of the plaintiff and the Hon defendants which was to cancel the notice of pendency.
Additionally, pursuant to CPLR 6514(c), John Hon, D.O., P.C., was entitled to an award of attorneys' fees and costs associated with the discharge of the notice of pendency (see Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC, 194 AD3d 803, 805).
Furthermore, under the circumstances of this case, the Supreme Court providently exercised its discretion in enjoining the Wang defendants from commencing a new action related to stopping the foreclosure of the mortgage on the property or making any court filings in the Supreme Court, Queens County, related to the ownership of the property without a prior court order and directing the Queens County Clerk to not accept for filing a notice of pendency by the Wang defendants against the property without a prior court order (see Rossrock Fund II, L.P. v Toledo, 186 AD3d 1441, 1442; DiSilvio v Romanelli, 150 AD3d 1078, 1080).
Finally, the Supreme Court providently exercised its discretion in denying the Wang defendants' cross-motion to disqualify counsel for the plaintiff and the Hon defendants. "The disqualification of an attorney is a matter that rests within the sound discretion of the trial court" (Alnoukari v Nokari, 218 AD3d 527, 528 [internal quotation marks omitted]; see Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637). "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510 [internal quotation marks omitted]; see Falk v Gallo, 73 AD3d 685, 685). On a motion to disqualify an attorney, "[t]he moving party bears the burden of showing that disqualification is warranted" (Matter of Blauman-Spindler v Blauman, 184 AD3d at 637 [internal quotation marks omitted]; see Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d at 510). Here, contrary to the Wang defendants' contention, counsel for the plaintiff and the Hon defendants did not engage in champerty by entering into a mortgage agreement with the Hon defendants to secure the payment of a legal fee, since there was no assignment of the Hon defendants' rights for the primary purpose of "bringing an action thereon" (see Rozen v Russ & Russ, P.C., 76 AD3d 965, 969; Judiciary Law §§ 488; 489). Insofar as the Wang defendants challenge the fee arrangement between counsel and the Hon defendants, they lack standing to do so (see Rozen v Russ & Russ, P.C., 76 AD3d at 969). Furthermore, the fee arrangement and the mortgage agreement did not violate the Rules of Professional Conduct (22 NYCRR 1200.0).
The Wang defendants' remaining contention is not properly before this Court.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.

2020-05635 DECISION & ORDER ON MOTION
41st Road Properties, LLC, plaintiff-respondent,
v Wang Real Property, LLC, et al., appellants, John
Hon, et al., defendants-respondents, et al., defendants.
(Index No. 704061/14)

Appeal from an order of the Supreme Court, Queens County, dated June 22, 2020. Motion by the plaintiff-respondent to impose a sanction upon the appellants and their counsel for filing a frivolous appeal. By decision and order on motion of this Court dated October 4, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court