Enriquez v Metropolitan Transp. Auth. (2025 NY Slip Op 03305)

Enriquez v Metropolitan Transp. Auth.

2025 NY Slip Op 03305

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2020-05982
 (Index No. 701217/15)

[*1]Elizabeth Enriquez, appellant, 
v
Metropolitan Transportation Authority, et al., respondents, et al., defendant.

The Dearie Law Firm, P.C. (Heitz Legal, P.C., New York, NY [Dana E. Heitz], of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy and Theresa Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered January 24, 2020. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as inadequate, a jury verdict on the issue of damages awarding the plaintiff the sums of only $150,000 for past pain and suffering and $0 for future pain and suffering, and for a new trial on the issue of damages.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside, as inadequate, so much of the jury verdict as awarded the plaintiff the sum of $150,000 for past pain and suffering, and for a new trial on the issue of those damages, and substituting therefor a provision granting that branch of the motion, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendants Metropolitan Transportation Authority and New York City Transit Authority of a copy of this decision and order, those defendants serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the award of damages for past pain and suffering from the sum of $150,000 to the sum of $300,000; as so modified, the order is affirmed, with costs payable by the respondents.
The plaintiff commenced this action to recover damages for personal injuries that she sustained when she fell on property owned by the defendant Falidas Associates. The location where the plaintiff fell was subject to an easement, pursuant to which the defendant Metropolitan Transportation Authority (hereinafter the MTA) had a right-of-way. A jury rendered a verdict finding that Falidas Associates was not negligent, that the MTA and the defendant New York City Transit Authority (hereinafter together with the MTA, the defendants) were negligent, and that the defendants' negligence was a proximate cause of the plaintiff's injuries. During the damages portion of the bifurcated trial, the plaintiff did not call a medical expert, and she relied upon her testimony and certified medical records. After the damages portion of the trial, the jury awarded the plaintiff damages in the sums of $150,000 for past pain and suffering and $0 for future pain and suffering. The plaintiff thereafter moved pursuant to CPLR 4404(a) to set aside, as inadequate, the jury verdict on the issue of damages awarding the plaintiff the sums of $150,000 for past pain and suffering and $0 for future pain and suffering, and for a new trial on the issue of damages.
In an order entered January 24, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658; see CPLR 5501[c]; Petit v Archer, 218 AD3d 695, 696). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741; see Petit v Archer, 218 AD3d at 696).
Under the circumstances of this case, where, among other things, the plaintiff was required to undergo three surgeries as a result of the accident, the jury's award for past pain and suffering was inadequate to the extent indicated (see CPLR 5501[c]; Sawh v Bally Contr. Corp., 148 AD3d 852; Ruiz v Hart Elm Corp., 44 AD3d 842).
Nevertheless, the jury's award of damages for future pain and suffering was not contrary to the weight of the evidence. The plaintiff failed to provide any medical evidence of her current condition. Contrary to the plaintiff's contention, the award for future pain and suffering did not deviate materially from reasonable compensation (see CPLR 5501[c]; Kapassakis v Metropolitan Transp. Auth., 193 AD3d 835; Hammer v 1111 Ave. K, Inc., 115 AD3d 803; Williams v New York City Tr. Auth., 95 AD3d 1003).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court